In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-2223

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MILJKAN DOSEN,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 10 CR 217-1 — **James B. Zagel**, *Judge.*

ARGUED NOVEMBER 19, 2013 — DECIDED DECEMBER 31, 2013

Before POSNER, SYKES, and HAMILTON, *Circuit Judges.*

POSNER, *Circuit Judge.* The defendant pleaded guilty to conspiring to commit a robbery affecting interstate commerce, in violation of the Hobbs Act, 18 U.S.C. § 1951(a), and to carrying firearms during and in relation to a crime of violence (the conspiracy to rob), in violation of 18 U.S.C. § 924(c)(1)(A). The plan was that, armed with guns and other weapons, the defendant and his co-conspirators would rob a truck used by a gang of marijuana traffickers to transport

large amounts of cash from Addison, an Illinois village a short distance west of Chicago, to California for the purchase of marijuana that they would then haul back to the Chicago area. But the conspirators lost the truck in traffic and so were unable to complete the robbery.

The district judge sentenced the defendant to a total of 90 months in prison—30 months on the conspiracy count plus 60 months on the firearms count, which both is the statutory minimum and is required to run consecutively to the sentence for conspiracy. 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(D)(ii). A second conspirator, guilty of the same two offenses, received an identical sentence. The third conspirator is a fugitive; he has not yet been convicted, let alone sentenced.

The appeal challenges two aspects of the defendant's sentence, both relating just to the conspiracy count. The first is the judge's addition of two levels to the defendant's base offense level for conspiring (as part of the overall robbery conspiracy) to subject the robbery victims to physical restraint. See U.S.S.G. §§ 2X1.1(a), 2B3.1(b)(4)(B). The second is the judge's refusal to reduce the base offense level by three levels because the conspiracy did not come to fruition in the substantive crime (as distinct from the conspiracy itself, an agreement to commit a substantive crime) that the conspirators had agreed to commit—namely the robbery. U.S.S.G. § 2X1.1(b)(2). The two-level enhancement raised the defendant's total offense level for the conspiracy count to 19, which given his criminal history category (II) made his guidelines sentencing range 33 to 41 months. The judge thus gave him a slightly below-guidelines sentence on that count.

He did that in part because he'd already sentenced the second conspirator to 30 months on the same count.

Without the enhancement for conspiracy to restrain, Dosen's total offense level would have been 17 and his guidelines sentencing range 27 to 33 months. With that enhancement but with a three-level reduction for incomplete conspiracy the sentencing range would have been 24 to 30 months. It would have been only 18 to 24 months had he received the reduction and been spared the enhancement, which is the dual relief that his appeal seeks.

The challenge to the enhancement for conspiracy to restrain need detain us only briefly. As part of their preparations for the robbery the conspirators bought duct tape. Conversations surreptitiously recorded by a government informant posing as one of the conspirators indicated that the defendant and his two accomplices (the defendant of course thought he had three) planned to use the tape to bind the robbery victims. The defendant argues that it was just a "possibility," which of course is true, because no one can be certain what would have happened had the robbery been attempted. But this could be said of any conspiracy—that no one could be certain what would have happened had the conspiracy not collapsed before the commission of the substantive offense that was its aim. That uncertainty does not negate the enhancement for conduct that the conspirators would have engaged in had the conspiracy been consummated, provided that the "intended offense conduct … can be established with reasonable certainty." U.S.S.G. § 2X1.1(a). What has to be established with reasonable certainty is thus the forbidden conduct that the conspirators "specifically intended" to engage in—in this case physically

restraining a person (probably more than one). U.S.S.G. § 2X1.1, Application Note 2; see also *United States v. Jones*, 950 F.2d 1309, 1316–17 (7th Cir. 1991).

The requirement was satisfied in this case. Besides what the taped conversations revealed, Dosen's plea agreement and post-arrest statement admit that his intent was to restrain the robbery victims. The plea agreement states that he and a co-conspirator "purchased supplies to be used in committing the robbery, including … duct tape (to bind and restrain the truck occupants)," and his post-arrest statement states that "Dosen advised that they purchased duct tape to tie up the driver and a knife to cut the duct tape."

The difficult issue presented by the appeal is the judge's refusal to reduce the defendant's guidelines sentencing range by three levels because the conspiracy was not carried out. U.S.S.G. § 2X1.1(b)(2) entitles the defendant to such a reduction unless he "or a co-conspirator completed all the acts the conspirators believed necessary on their part for the successful completion of the substantive offense or the circumstances demonstrate that the conspirators were about to complete all such acts but for apprehension or interruption by some similar event beyond their control." The Sentencing Commission's commentary explains that "in most prosecutions for conspiracies or attempts, the substantive offense was substantially completed or was interrupted or prevented on the verge of completion by the intercession of law enforcement authorities or the victim. In such cases, no reduction of the offense level is warranted. Sometimes, however, the arrest occurs well before the defendant or any co-conspirator has completed the acts necessary for the substantive offense. Under such circumstances, a reduction of 3 lev-

els is provided" by the guideline. U.S.S.G. § 2X1.1 Background.

The defendant fastens on the phrase "about to complete" in the guideline to contest the judge's refusal to grant him the three-level discount. He takes sharp issue with the judge's statement that the exception for cases in which all the acts necessary for committing the substantive offense would have been completed had it not been for an occurrence outside of the conspirators' control is not "temporal." But the judge was right. The guideline says nothing about the interval between the completion of the conspirators' preparations for the substantive offense and that offense. True, the guideline commentary that we quoted refers to "verge of completion." Whereas "about to complete" in the guideline itself refers to imminent completion of the preparatory acts, not of the substantive offense, "verge of completion" in the commentary seems to mean verge of committing the substantive offense that was the conspiracy's object. So understood, however, the commentary amplifies rather than glosses the guideline and so must be interpreted cautiously.

Not that "imminence of completion of the substantive offense at the time of the arrest" is irrelevant to deciding whether the defendant was "about to complete" all the acts preparatory to committing the offense. *United States v. Sanchez*, 615 F.3d 836, 846 (7th Cir. 2010). But though relevant, it is not determinative. Imagine a terrorist, who pursuant to a conspiracy with other terrorists, plants a bomb but sets the timer to trigger the explosion in a week, in order to give him ample time for a getaway. He is not entitled to the three-level reduction. His preparations were complete, even

though commission of the substantive crime that was the goal of the conspiracy might not be considered "imminent."

Our conspirators equipped themselves for the heist with—besides the duct tape—disguises, cans of gasoline to enable them to refuel without having to stop at a gas station, firearms, a knife, and pepper spray. These preparations were necessary because the drug traffickers who were the intended victims, consisting of a driver, and a buddy to provide protection, would probably be armed, given the nature and value of the cargo; and if so they might well resist an assault on the truck violently.

The conspirators planned to trail the truck to the Missouri border (they knew that was where the truck would leave Illinois), and then pounce. They knew who the traffickers were and where the truck was parked in Addison. They parked nearby and waited for the traffickers to arrive. Finally they did arrive. The conspirators became concerned that the quarry might have spotted them and guessed what they were up to, but decided to follow the truck anyway, as it pulled away from its parking place. They followed it for some distance—past Springfield—and at some point saw the traffickers handed a bag that the conspirators guessed contained the cash. They continued to trail the truck but eventually, as we said, lost it in traffic. The driver may have taken evasive measures, suspecting (as the conspirators thought he might) that he was being followed.

At best it would have taken them hours to catch up with the truck at the state line and mount their attack, but the temporal interval as we said is not critical. The defendant denies that the conspirators had (in the language of the guideline) either "completed" or were "about to complete"

"all the acts [they] believed necessary on their part for the successful completion of the substantive offense." This is an "about to complete" case (which was what the district judge considered it to be), rather than a "completed" case like *United States v. Lucas*, 670 F.3d 784, 791 (7th Cir. 2012), where the three-level reduction was denied because the defendant "thought that he did everything necessary to complete [a] kidnapping" by knocking on the victim's door, pointing a gun at the victim's mother, and demanding that the victim come to the door; or *United States v. Emmett*, 321 F.3d 669, 673 (7th Cir. 2003), where the defendant had already begun the robbery he had conspired to commit, by handing a threatening note to a teller; or *United States v. Chapdelaine*, 989 F.2d 28, 35–36 (1st Cir. 1993), where the defendants had arrived at the site of the planned robbery prepared to carry it out, and only the intended victim's early departure foiled their plans. This case is more like *United States v. Brown*, 74 F.3d 891, 893 (8th Cir. 1996), where the reduction was denied because the preparations for committing the crime of possessing an incendiary device were complete except for obtaining wire and a spark plug, which would be easy to do, though until it was done the substantive offense couldn't be committed. In contrast, the three-level reduction was properly allowed in *United States v. Sanchez*, *supra*, 615 F.3d at 846–47, which involved the parallel three-level reduction for an interrupted attempt, see U.S.S.G. § 2X1.1(b)(1), because the defendant hadn't yet secured license plates for a stolen van to be used in the kidnapping, and *United States v. John*, 597 F.3d 263, 283–84 (5th Cir. 2010), in which a number of preparatory steps remained to be taken in order to complete a conspiracy to commit computer fraud.

The preparatory acts in this case were the procurement of weapons and other supplies, the identification of the marijuana traffickers' truck, the surveillance of it, and its pursuit. When the conspirators set off after the truck their preparations were complete and all that remained was to rob the truck—commit the substantive offense—as soon as it reached the Missouri border. When the preparations for the commission of a crime are complete, it can be assumed that the crime will take place unless some unforeseen event intervenes, as happened in this case; and when that happens, as distinct from when the *preparations* for committing the crime are interrupted, there is no sentencing discount. Cf. *United States v. Chapdelaine*, *supra*, a factually similar case in which the court rejected the discount.

A conspiracy is just an agreement, almost always an oral one. And talk is cheap. Many conspiracies never get off the ground, never pose a real danger. The conspirators are punished anyway, but it makes sense that conspirators thwarted before their conspiracy's aim is achieved should be punished more heavily the greater the probability that the conspiracy would have resulted in a substantive offense, which is to say (usually) that it would have inflicted tangible injury, had it not been for a fortuitous interruption. See *United States v. Chapdelaine*, *supra*, 989 F.2d at 36. For that marks it as a dangerous conspiracy, though the danger did not materialize. Much of criminal law is about taking dangerous people out of circulation, preferably before they cause harm. See Henry M. Hart, Jr., "The Aims of the Criminal Law," 23 *Law & Contemporary Problems* 401 (1958). In this respect criminal law is sharply different from tort law, since, as we keep saying, including very recently in *Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013), there is no tort without an injury. The less

dangerous the conspiracy, therefore, the less needful it is to impose long sentences on the conspirators in order to protect potential victims. But the conspirators in this case were dangerous people. There is little reason to doubt that had they not been spotted by their prospective victims they would have attacked the truck a few hours later, with mayhem a likely result. To ignore that possibility and treat them as comical failures would disserve the aims of criminal justice. Recall that with the enhancement for conspiracy to restrain but a three-level reduction for incomplete conspiracy, Dosen's guidelines sentencing range would have been only 24 to 30 months. That is too low. His 30-month sentence for conspiracy was a gift, though his overall sentence of 90 months seems reasonable.

AFFIRMED.